BARTLETT and others vs. HUNT and others.

Under the Revised Statutes of 1849, it was not necessary that there should be a direct recovery against the sheriff for his default or misconduct in office, before a suit could be maintained against him and the sureties on his official bond.

After the destruction of an execution has been shown, its contents may be proven by secondary evidence.

In an action on a sheriff's bond, a verdict which states that the jury "find for the plaintiff, that the condition of the bond is broken, and assess his damages at" &c., is not irregular.

APPEAL from the Circuit Court for *Winnebago* County.

Action against a sheriff and the sureties on his official bond, for damages resulting to the plaintiffs from the neglect of said sheriff to make sale of property levied upon under an execution in their favor against one Larrabee, and also neglecting to make return of the execution. The complaint stated that the plaintiffs had obtained leave of said circuit court to prosecute the action. The answer, after a general denial, alleged that the sheriff, in omitting to make sale, acted according to the directions of Mr. Edmonds, one of the firm of Bouck & Edmonds, who were the plaintiffs' attorneys in the action in which said execution was issued, and that the execution was left with said Edmonds at his request, and upon a promise by him to return it to the clerk, which he had neglected to do. The answer also alleged that the sureties were improperly joined with the sheriff as defendants in this action. On the trial, the defendants objected to the introduction of any evidence, on the ground that the complaint did not state any cause of action, the suit having been " brought, in the first instance, against the sheriff and his sureties, without authority in law ; " but the objection was overruled. M. A. Edmonds, Esq., as a witness for the plaintiffs, stated that the firm of Bouck & Eomonds, of which he was a member, were attorneys for the present plaintiffs in the action in which they obtained their judgment against Larrabee. *Question:* "Did you cause execution to issue on that judgment?" Objected to by the defendants, on the ground that it was secondary evidence; objection overruled, and witness answered in the affirmative. *Question:* "About what time was it issued?" Objection by defendants overruled. *Answer:* "That execution was burned up in my office. Probably it was issued in November, 1857. I delivered it to the defendant *Hunt* about the time of issuing it," &c. The remainder of the testimony need not be given. After the plaintiffs rested, the defendants moved for a nonsuit, on the grounds, among others, that there was " no proof that there ever was any

valid execution in the hands of the defendant *Hunt* as sheriff," or that the conditions of the sheriff's bond had been violated. Motion denied. Verdict: "We find for the plaintiffs that the condition of the bond is broken, and assess the plaintiffs' damages at $85.00." Judgment accordingly.

*Geo. B. Goodwin,* for appellants:

The bond sued upon was given before chap. 196, Laws of 1860, was enacted. The liability of the sureties is to be determined by the law as it existed when they executed the bond. They have a right to have the remedy exhausted as to the principal before they are held liable. This is a substantial right, and does not go merely to the remedy. There is no proof that any proceedings were had against the sheriff before this action was commenced; and therefore the action cannot be maintained. 2. It was incumbent upon the plaintiffs, under the pleadings, to show a valid execution in the hands of the sheriff. There being proof of the destruction of the execution, the plaintiffs should then have proven its contents, which they failed to do. The statute defines different kinds of process under the general name of "execution;" and there is therefore no presumption that this was an execution against property. R. S., ch. 134, sec. 8, subds. 1–4. 3. Secs. 19 and 20, ch. 140, R. S., point out the kind of verdict to be rendered in such a case, and the manner of assessing the damages, which must be done either by the jury or the court; and the jury must be impanneled and sworn specially for that purpose.

*Whittemore & Weisbrod,* for respondents.


*By the Court,* COLE, J. The counsel for the appellants assumes in his argument that it was necessary, by the law as it existed under the revised statutes of 1849, that there should be a direct recovery against the sheriff for his default or misconduct in office, before a suit could be maintained on his official bond. The sureties, it is claimed, were only liable after the remedy against the sheriff had been exhausted. It ap-

pears to us that this assumption is unfounded. Sec. 77, chap. 10, R. S., 1849, prescribes the conditions of the bond which the sheriff was required to give. It was conditioned, among other things, that the sheriff should well and faithfully perform and execute the duties of his office. And there was a breach of the bond whenever he failed to do this, for which he and his sureties were liable. There is nothing in the statute which requires a party first to recover judgment against the sheriff for any default, before resorting to an action on the bond. In this respect our statute is unlike that which existed in New York when the case of *The People vs. Spraker et al.*, 18 Johns., 389, was decided; see also *Ex parte Chester*, 5 Hill, 555. If our statute had required a party to exhaust his reme· dy against the sheriff before resorting to the bond, then it might be said that the legislature could not change this liability of the sureties, and make it direct and primary where before it was contingent. But such was not the case.

By chapter 196, Laws of 1860, a party aggrieved by the misconduct of the sheriff, whether before or after the passage of that law, was required to apply to the circuit court of the county where the bond was filed, or to the judge thereof in vacation, for leave to prosecute the bond. It is conceded that such leave was obtained in this case. It is claimed that the motion for nonsuit should have been granted because there was no proof that a valid execution had ever been issued in the case of *Bartlett vs. Larrabee*, and placed in the hands of the sheriff to be executed. This objection is not sustained by the record. There was certainly clear and direct testimony upon that point, namely that of Mr. Edmonds. He swears that an execution was issued and a levy made under it. It was competent, we suppose, to show these facts by this witness after it appeared that the execution was burnt up. The other grounds for the nonsuit are equally untenable. It is further insisted that the verdict is irregular. The jury found, in substance, that the condition of the bond was broken, and as-

sessed the plaintiff's damages for the breach. We do not see any valid objection to this form of the verdict. It is also claimed that the evidence showed that the sheriff acted in every respect in obedience to the orders of the attorneys of the plaintiffs in the execution. . If it had been established to the satisfaction of the jury that the sheriff omitted to make sale of the property levied upon in consequence of directions which he received to that effect from the attorneys of the plaintiffs, the verdict would probably have been otherwise. No instruction was asked upon that point, and the question whether the sheriff acted in obedience to the orders of the attorneys or not, with other matters, was left to the determination of the jury upon the evidence.

As we discover no error in the record, the judgment of the circuit court is affirmed.