Joint School District No. One, etc., vs. Lyford and another.

JOINT SCHOOL DISTRICT No. ONE, etc., vs. LYFORD and another.

OFFICIAL BOND : (1.) *What variance in the name of obligee immaterial.* (2.) *When surety's liability accrues.* (3.) *When breach occurs.* (4.) *Denial of execution in answer, held insufficient.* (5.) *When proof of execution necessary.* (6.) *Evidence of breach, as against surety.*

1. In an action on a bond running to " Joint School District No. 1 of the city of P. and towns of O. and C.," plaintiff sues under the name of " Joint School District No. 1, *comprising* the city of P. and *parts* of the towns of O. and C.:" *Held,* that the variance in the name of the obligee is immaterial.

2. The surety upon a school district treasurer's bond is liable on the bond immediately upon a breach, and not merely after judgment against his principal and execution returned unsatisfied, or the remedy against the deceased principal's estate exhausted.

3. Where a school district treasurer, on being removed from office, delivered his books to his successor, but failed to pay over the district moneys in his hands, there was a breach of the bond, without any *demand* made.

4. The bond being set out in the complaint, and the answer denying merely that defendant executed such bond to the *plaintiff*, this was not a denial that he executed the bond in suit, but only that the obligee therein was identical with the plaintiff; and proof of such execution was not necessary. R. S. ch. 137, sec. 92.

5. In case of an *official* bond, *quære,* whether proof of its execution (or of any thing more than the identity of the obligor) is ever necessary in the first instance.

6. The treasurer having sent to the director of the district the book which he was required to keep (Laws of 1863, ch. 154, sec. 38), accompanied by a letter identifying it as such official record, it is competent evidence to show the balance due from him, in an action against the surety.

APPEAL from the Circuit Court for *Pierce* County. The defendant *Lyford* appealed from a judgment rendered against him in said court. The case is stated in the opinion.

*Wise & Hough,* for appellant.
*White & Button,* for respondent.

Lyon, J.　The plaintiff, suing by the name of "Joint School District No. One, comprising the city of Prescott, and parts of the towns of Oak Grove and Clifton," brought this action on a bond in the sum of five thousand and six hundred dollars, executed by the defendants, or purporting to be executed by them, to "Joint School District No. One of the city of Prescott, and the towns of Oak Grove and Clifton," conditioned for the faithful discharge, by the defendant Beardsley, of the duties of his office as treasurer of such district. A copy of the bond is set forth in the complaint, and it seems to be in proper form. The breach assigned is, that Beardsley was afterwards removed from such office pursuant to law, by the county judge of Pierce county, in which county the district is alleged to be situated; and that, when so removed, he had in his hands $877.97 of moneys belonging to the district, which moneys he has neglected and refused to pay over to his successor in office.

The defendant *Lyford* demurred to the complaint, stating the following grounds of objection thereto : "First, that the plaintiff had not legal capacity to sue; second, that there is a defect of parties plaintiff; third, that there is a defect of parties defendant; fourth, that the complaint does not state facts sufficient to constitute a cause of action."

The circuit court overruled the demurrer, and the defendant *Lyford* then, by leave of the court, answered. as follows: "1st. That the above named plaintiff is not a corporation doing business under the laws of the state of Wisconsin, and there is no such corporation. 2d. And for a further answer the said defendant denies that he did, on the 4th day of September, 1866, or at any other time, make, execute and deliver to the said plaintiff his bond or obligation, or become

surety to the said plaintiff for the payment of any sum of money whatever."

Upon the issue thus made, the action was tried, and resulted in a judgment against the defendant *Lyford,* from which he has appealed to this court. The defendant Beardsley made no appearance in the action, and before the trial he deceased, and his death was duly suggested in the record.

No testimony was offered on the trial on behalf of the defendants, but many objections were made and overruled to the testimony of the plaintiff. The court overruled a motion that the plaintiff be non-suited, and directed the jury to find a verdict for the plaintiff for the amount proved on the · trial, with interest. The jury returned a verdict for the plaintiff for $956.79; for which sum and costs the judgment was entered.

It is believed that all of the objections to the right of the plaintiff to recover, whether raised by the demurrer, or the answer, or on the trial, may be included under a few general heads.

1. The principal objection seems to be, that there is a fatal variance between the name of the plaintiff, the corporate designation by which it sues, and the corporate name or designation of the obligee in the bond. In other words, it is claimed that they are not one and the same, but two distinct corporations, and therefore that the plaintiff failed in the complaint, and failed on the trial, to show any cause of action. But this position is clearly untenable. The two designations are obviously of the same district; the only difference between them being that in the one the " Joint School District No. One " is mentioned as comprising " the city of Prescott and *parts* of the towns of Oak Grove and Clifton," while in the other its geographical extent is indicated with less particularity, it being simply designated as " of the city of Prescott and towns of Oak Grove and Clifton." All

that the law requires in this behalf is, that such designation of the district be given that it may be known from it what district is intended, so that the opposite party be not misled.   Here the designation informs the defendant that the plaintiff is a " joint school district," that it extends into and includes the city of Prescott and parts of the towns of Oak Grove and Clifton, and that it is numbered " One."   Now, if in fact it contains within its limits the whole of those towns, is it not still the same district?   And can any one be misled by so slight and immaterial a variance ? Indeed, there is no pretense that the defendant has been misled or prejudiced in the slightest degree by this variance, and it is difficult to imagine how he possibly could be so misled.   It is not claimed that there is any other school district that could possibly be mistaken for the plaintiff; neither is there any room to doubt that the plaintiff is the obligee in the bond upon which this action was brought. The variance, therefore, was entirely immaterial, and the court was correct in disregarding it.   R. S. ch. 125, secs. 33 and 34.   The rule here applied is elementary, and is sustained by numerous authorities.   See Angell & Ames on Corporations, secs. 99 and 647, and the cases referred to in the notes.

2. It is claimed that no action can be maintained on the bond against the defendant *Lyford*, until the defendant Beardsley is prosecuted to judgment and execution, and the execution returned unsatisfied, or, as I suppose, now that he is deceased, until the remedy against his estate is exhausted. There is nothing in the bond, or in the statutes, which postpones the liability of *Lyford*.   As soon as there was a breach of the condition of the bond, the plaintiff had its action upon it, and no previous demand upon Beardsley was essential to such right of action.   The breach had occurred, and the right of action was perfect, when he sent the books of his office to his successor, and failed to pay

over the amount of moneys in his hands belonging to the plaintiff. Were the law otherwise, any public officer, holding public funds, could appropriate the same to his own use, and by absconding, or keeping out of the way, so that demand could not be made for the money, or process served on him, could absolutely defeat any attempt to recover the amount so embezzled, by action against the sureties in his official bond. Such is not the law. *Bartlett v. Hunt*, 17 Wis. 214.

3. It is objected that there is not sufficient evidence of the execution of the bond by *Lyford*. I think that its execution by him was not denied, so as to put the plaintiff upon proof thereof. His answer does not in terms deny the execution of *the* bond, a copy of which was set out in the complaint. He denies in the answer that he at any time made, executed or delivered *to the plaintiff* his bond or obligation, or became surety *to said plaintiff* for the payment of any sum of money whatever. On his theory of the case, which was that the bond does not run to the plaintiff, he might make that denial, and at the same time have executed the bond in suit. It seems to me that the statute requires a positive denial of the signing or execution of the particular instrument, before the plaintiff can be put upon proof of its execution. R. S. ch. 137, sec. 92.

However that may be, it seems quite doubtful whether this bond requires any proof of execution in the first instance. It being an official bond, there is authority to the effect that no such proof is necessary, but only proof of the identity of the obligor. 1 Greenl. Ev. sec. 573.

4. It is said, further, that the amount of Beardsley's deficiency was not proved by competent evidence. It was proved by the treasurer's book, which the law required him to keep. Gen. Laws of 1863, ch. 155, sec. 38. This book was sent by Beardsley to the director of the district, and with it a letter of advice written by him, which identifies the book as the

official record of the district treasurer, as satisfactorily as though Beardsley had passed it to his successor with his own hand.   Besides, it is difficult to find any denial of the amount due on the bond, in the answer. If the amount due is not admitted, it would seem that the official account kept by the defendant Beardsley is competent evidence thereof. 1 Greenl. Ev. sec. 483.

5. The objection that the corporate character of the district was not proved, seems to be predicated on the theory that there was a fatal variance between the complaint and the testimony of the witnesses who testified that the district had long been organized and exercised corporate franchises.   No question seems to be made that the corporate character of the district designated by the witnesses was sufficiently proved. This variance is of the same nature as those already discussed, and we have seen that it was immaterial.

7. As to the interest.   The plaintiff was entitled to recover interest at least from the commencement of the action; and a computation shows that it was reckoned for a less period of time.   It was not necessary that a sworn witness should compute the interest.   Being a mere matter of computation, it could as well be done by the judge or the jury.

This disposes of all the alleged errors which appear in the case; and as there was no conflict in the testimony, and as the evidence is abundantly sufficient to entitle the plaintiff to a verdict, we think the circuit judge was right when he directed the jury to find for the plaintiff.

*By the Court.*—The judgment of the circuit court is affirmed.