EVISON, Appellant, vs. HALLOCK and another, imp., Respondents.

*October 15 — December 7, 1900.*

*Sale of land by guardian: Failure to pay mortgage: Liability of surety on bond: Subrogation.*

Plaintiff purchased, at a guardian's sale, land upon which there was a past-due mortgage for which the estate of the ward was liable, but which was not mentioned either in the petition or order for sale. The sale was confirmed and the guardian directed to make a good, valid, and sufficient deed. He made the usual guardian's deed to plaintiff, without warranties, but agreed to pay the mortgage and have it discharged. He failed to do this, and embezzled the money received on the sale, and died insolvent. Thereafter plaintiff, who had conveyed the land by warranty deed, learned that the mortgage had not been paid, and paid it himself. Pursuant to the order authorizing the sale the guardian had given bond conditioned for the faithful performance of the trust, for paying over, investing, or accounting for all moneys received by him according to the order of any court having authority to give direction in the premises, etc. The statute (sec. 3515, R. S. 1878) provided that the court should make an order for the application and disposition of the proceeds of the sale, etc.; but no such order was made. In an action against the sureties on the guardian's bond, it is *held* that as against them there was no liability either to the ward or to the mortgagee resulting from the guardian's failure to pay the mortgage, and hence the plaintiff had acquired no right against them by subrogation. The agreement by the guardian to pay the mortgage, not having been authorized by the court, was his individual contract and not an official act.

APPEAL from an order of the circuit court for Dodge county: JAMES J. DICK, Circuit Judge. *Affirmed.*

This is an action in equity, brought by the plaintiff against one D. H. Bement, an insane person, and the defendants *Hallock* and *Nehls*, who were sureties upon a bond given by one Rambusch, the general guardian of said Bement, upon the sale of the real estate of his ward. The facts set forth in the complaint are sufficiently stated in the opinion. The defendants *Hallock* and *Nehls* demurred to the complaint upon three grounds: (1) That there is a defect as to parties defendant; (2) that several causes of action have been improperly united; and (3) that the complaint does not state facts sufficient to constitute a cause of action. This demurrer was sustained, and from an order sustaining the same the plaintiff appeals.

For the appellant there was a brief by *Sawyer & Sawyer,* and oral argument by *E. W. Sawyer.*

For the respondents the cause was submitted on the brief of *C. E. Hooker.*

The following opinion was filed October 30, 1900:

WINSLOW, J. The facts stated in the complaint are, in substance, as follows: In 1891 the general guardian of one Bement, an insane person, obtained authority from the circuit court, under the provisions of the statutes, to sell his ward's real estate, upon which there existed a past-due mortgage of $500, for which the estate of the ward was liable. No mention was made of the mortgage either in the petition of the guardian or in the order of sale. The order required a bond in the sum of $6,000, with sureties, conditioned for the faithful performance of the trust, for paying over, investing, or accounting for all the moneys received by the guardian according to the order of any court having authority to give direction in the premises, and for the observance of the directions of the court in relation to said

trust.  The bond was given and signed by the defendants
*Hallock* and *Nehls* as sureties, and approved by the court.
The guardian then made a written contract with one Ves-
per for the sale of the real estate for $5,000 in cash, and re-
ported the same to the court.  The court confirmed the sale,
and directed the guardian to make a good, valid, and suffi-
cient deed of the lands to the purchaser on payment of the
agreed price.  Vesper, for value, assigned his rights to the
plaintiff, who thereafter paid the guardian the agreed price
of $5,000 for the lands and for a clear title thereto, and the
guardian made the usual guardian's deed of the land to the
plaintiff without warranties.  The guardian received said
$5,000 in full consideration for the lands and for a clear
title to the same, and agreed to pay the mortgage and have
it discharged, but failed to do so, and, on the other hand,
converted and embezzled the money, with other moneys of
the ward, and died insolvent in October, 1896.  The plaint-
iff, soon after his purchase in 1891, conveyed the premises
by warranty deed, and first learned that the mortgage was
not paid in December, 1896, and in January, 1897, paid the
mortgage debt, with interest, to the holder thereof, in order
to make good the warranties in his deed, and caused the
same to be discharged.

Upon these facts the plaintiff claims judgment against the
sureties upon the bond for the amount paid to discharge the
mortgage, upon the theory that he is entitled to be subro-
gated to the rights of the insane person or of the owner of
the mortgage against said sureties.

The equitable right of subrogation arises under various
conditions, but the fundamental principles which govern it
are always the same.  Briefly, it may be said to be that
equitable right by which one person who has paid a debt
for which he is only secondarily liable is entitled to succeed
to and utilize the securities and remedies possessed by the
original creditor. Bispham, Eq. § 335. Manifestly, the right

of the person subrogated is measured by the right of the original creditor, and cannot be extended further. *Franklin S. Bank v. Taylor*, 131 Ill. 376. Conceding that plaintiff, on account of his warranty of title, was secondarily liable to pay the mortgage debt on the land, the vital question is whether either Bement, the insane person, or the holder of the mortgage became a creditor of Rambusch and his sureties on the bond when Rambusch failed to pay the mortgage, and could bring action for such failure. If this question must be answered in the negative, then there can be no subrogation, because there is no original creditor to whose rights the plaintiff can be subrogated. It seems plain that as against the respondents, who were simply sureties on the guardian's bond, there was no liability, either to Bement or to the mortgagee, resulting from the guardian's failure to pay off the mortgage. Their liability was that of sureties only, and limited to the stipulations of the bond. Those stipulations were, in substance, that the guardian should faithfully perform his trust, and pay over, invest, or account for the moneys received by him according to the directions of any court having authority to direct in the matter. No court has at any time directed or authorized the guardian to pay off this mortgage; hence the failure to pay it was not the breach of any duty, and consequently not the foundation of any right of recovery by either the ward or the mortgagee.

The statute upon this subject (R. S. 1878, sec. 3515) provided that the court or judge should make an order for the application and disposition of the proceeds of such sale and of the income derived from the investment thereof, etc. No such order was here made, and the guardian could not be charged with breach of duty until such an order was made and not complied with.

It may be that under the circumstances here alleged the court would have been authorized to incorporate in the original order granting leave to sell a provision that the

guardian sell free of incumbrances and at once discharge
the mortgage (it appearing that the mortgage was past due
and could be paid at any time); but it is sufficient to say
that no such order is alleged to have been made, either be-
fore or after the sale.  The plaintiff's cause of action must
be founded upon a breach of duty by the guardian in not
paying off the mortgage; but, as we have seen, there had
no such duty arisen, hence there was no breach, and conse-
quently no liability on the bond.

If, as alleged in the complaint, the guardian himself
agreed with the plaintiff to pay the mortgage, this was
plainly his own individual contract, and not an official act,
for the court had neither expressly nor impliedly authorized
him to make such an agreement.

This view of the case renders the discussion of any other
questions unnecessary.

*By the Court.*— Order affirmed.

On a motion for rehearing appellant contended, *inter alia*,
that, taking the allegations of fact in the complaint as true,
it was the guardian's duty, within a reasonable time after
the sale, to apply for the necessary order and pay this debt
against his ward, and a failure to do so was a breach of his
bond for which he and his sureties are liable.  *Bartlett v.
Hunt*, 17 Wis. 216; *State v. Mills*, 55 Wis. 229; *Joint School
Dist. v. Lyford*, 27 Wis. 506; *State v. McFetridge*, 84 Wis.
531.  And it being a part of his duty to apply for and get
the necessary order, both he and the sureties upon his bond
are estopped to urge that no order was made.  To allow
them to do so is to allow them to take advantage of their
own neglect of duty.  Even if there be no technical breach
of the bond, the sureties will not, because of the mere ab-
sence of such order, be relieved from liability by a court of
equity.  If they were entitled to have a formal order en-
tered before suit, still, this being an action in equity in the

same court, where the court can protect the rights of all parties, the failure to get the order *before* suit would only affect the question of costs. *O'Dell v. Burnham,* 61 Wis. 562. There is no occasion for a multiplicity of suits in the matter.

The motion was denied December 7, 1900.