JOHN BRILEY, Plaintiff in Error, *v.* ALFRED COPELAND, Defendant in Error.

ERROR TO MASSAC.

A justice of the peace has jurisdiction to the amount of one hundred dollars, in an action against a constable for non-feasance. A party may, at his election, sue the constable directly, or bring an action against him and his sureties, on his official bond.

THIS case is stated in the opinion of the court. The cause was heard before DENNING, Judge, at the June term, 1851, of the Massac Circuit Court.

R. S. NELSON, for plaintiff in error.

C. G. SIMONS and J. ALLEN, for defendant in error.

TREAT, C. J. The record shows that Briley brought an action on the case, before a justice of the peace, against Copeland, for non-feasance in office as constable. The damages were laid in the summons at $50. The trial resulted in a judgment in favor of Copeland. Briley prosecuted an appeal to the circuit court, where the suit was dismissed on the ground that the justice was without jurisdiction. The 17th sect. ch. 59, R. S., declares that justices of the peace shall have jurisdiction, " in all actions against sheriffs, coroners, and con-stables, for malfeasance, misfeasance, or non-feasance in office,

wherein the amount claimed does not exceed one hundred dollars." The justice clearly had jurisdiction of the case, and the circuit court consequently erred in dismissing it. The remedy given by sect. 118, ch. 59, R. S., is but cumulative. A party may, at his election, sue the constable directly, or bring an action against him and his sureties on his official bond.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*