11   329<br>91   565

## CHARLES v. HASKINS, *et al.*

1. JUDGMENT ASSIGNABLE.  A judgment against a sheriff for damages arising from his misconduct in office is assignable; and the assignee may maintain an action in his own name to recover the amount of the judgment on his official bond.
2. ACTION ON SHERIFF'S BOND.  A judgment against a sheriff for misconduct in office it not a bar to another action for the same cause on his official bond.
3. LIABILITY OF SURETIES ON SHERIFF'S BOND.  A sheriff and his sureties are liable on his official bond for trespasses committed by him in attempting to discharge his duty as an officer.
4. MISTAKE IN A BOND.  A mistake as to the name of the obligee in a sheriff's bond will not operate to vitiate the instrument.

*Appeal from Woodbury District Court.*

ı　　SATURDAY, DECEMBER 22.

THE defendant, J. C. Haskins, as the sheriff of Woodbury County, had placed in his hands for service a writ of attachment against the property of Heinman & Gambert, and in executing the same seized and levied upon the property of one Isaac Hattenbach. For this wrongful seizure and levy Hattenbach recovered judgment against Haskins alone, which judgment was assigned to plaintiff. An execution issued thereon and upon a return of *nulla bona* plaintiff brought this action against Haskins and his sureties upon his official bond, to recover the amount of the judgment rendered against Haskins. To this petition, defendants demurred, which being sustained, and judgment being rendered thereon, the plaintiff appeals.

*Casady, Crocker & Polk* for the appellants.

I. The judgment should not have been rendered against Haskins in his official capacity; the petition recites that he seized the property as sheriff, &c.

II. The sheriff, by levying a process against the property of a judgment defendant upon the property of another, renders himself and his sureties liable on his bond for official misconduct. *The People* v. *Schuyler,* Sheriff, &c., 4 Com. 173 and the cases there cited.

III. The election of the plaintiff's assignor to proceed against the sheriff did not operate as a bar to further proceedings on his bond. *The People* v. *Schuyler,* Sheriff, &c., *supra,* 3 Kent's Com. 85; *Johnson* v. *Chapman,* 3 Penn. 18; *Purdy* v. *Wolffe, et al,* 16 S. & R. 79; *Commonwealth* v. *Evans,* 1 Watts 437; *Paine* v. *Fox,* 16 Mass. 128; *The People* v. *Dunlap,* 13 John. 437; *Casey,* Judge, &c., v. *Willman,* 9 Mass. 116; *Barley* v. *Butler,* 2 Shep. 112; *Jones* v. *Arkansas,* 14 Ark.; *United States* v. *Hoyt,* 1 Blatchley 326; *Mus-*

*sulman* v. *The Commonwealth*, 7 Barr 240; *State* v. *Woodward*, 7 Iredell 296; *Eagles* v. *Kern*, 5 Wheat. 144.

IV. If the action were strictly personal so that it died with the person, the objection that as a tort it is not assignable, might have some force. But this is not the case. The subject matter in controversy consisted of property of a substantial, tangible and specific nature, susceptible of actual possession and value, and capable of being considered as assets, which, by operation of law would, upon the decease of the owner, go directly into the hands of the administrator. It was a chose in action which is legally assignable. *Taylor* v. *Galland*, 3 G. Greene 26; Story on Cont. section 583; 19 Wend. 73; 1 Pet. 213; 1 Chit. Pl. 68. But the tort has been merged in the judgment and its assignability does not arise in this case. *Edmonds* v. *Montgomery*, 1 Iowa 143.

V. Any right which was available to the assignor of this judgment is available to the assignee; and the assignment of the judgment carries with it the right to sue on the bond. *Fitzsimmons Appeal*, 4 Barr 248; *Fox* v. *Foster*, Ib. 119.

*John A. Kasson* and *William Tripp* for the appellees. The former presented the following points and authorities:

I. This suit is not brought *upon the judgment*, but to recover the damages for a trespass by the sheriff, of which the judgment is introduced by way of recital; and this claim for damages alleged to have accrued to one Hattenbach, for the tort, *has not been assigned* to this plaintiff; nor is a claim for a tort assignable. The Supreme Court of this State has doubted whether a claim for a tort is assignable at all, apparently leaning to the opinion that it is not. *State of Iowa* v. *Butterworth*, 2 Iowa 159, which was a case of trespass to real estate. That is a later case than the one cited by appellant from 3 G. Greene 26; and the case at bar is not *in pari materia* with *Taylor* v. *Galland*, 3 G. Greene 26. In this action, at bar, there was no effort made to

enforce a right *ad rem*, or *in re*. It sounded in damages exclusively, as much so as in a claim for assault and battery, with special damage for loss of service. But in *Taylor* v. *Galland*, the suit was in *replevin*, for the possession of tangible property, and the assignment of that claim was in effect the sale of personal property with the right to recover it. Until it is shown that the Code renders a right of action for a tort assignable, I content myself with showing the established rule of law on the subject to be otherwise. *Gardner* v. *Adams*, 12 Wend. 297; *Commonwealth* v. *Fuqua*, 3 Litt. 41; *Durklin* v. *Wilkins*, 5 Ala. 199, and elementary treatises *passim*. And the authorities quoted by appellants sustain the same doctrine, as in 1 Pet. 193. (*Comegys* v. *Vasse*.)

II. It follows, as a corrollary, that if the claim is not assignable by a *direct assignment*, it can not be held assignable by indirection, as appurtenant to the judgment assigned. The assignment of the judgment was simply what it purported to be, the assignment of a debt, ascertained of record, due from Haskins to Hattenbach, as individuals in their private relations. It is well settled that the sureties upon an official bond are not bound by the judgment against their principal, and can not be sued *upon the judgment*. They take issue upon the original assignment of breaches of the bond, and are entitled to their trial thereon. They can not be bound by a judgment to which they are not parties, nor otherwise deprived of their right to appear and defend. *Foxcroft* v. *Nevins*, 4 Greenl. 72; *State* v. *Woodside*, 7 Iredell 296; 3 Yates 128; *McDowell* v. *Burwell*, 4 Rand. 317; 4 Hawks. 34. Hence this petition alleges the original trespass, and seeks to charge the sureties therefor. If liable at all they were liable without this judgment, as much as with it. There is no statute otherwise. *Govenor* v. *Perkins*, 2 Bibb. 395; also 7 Ham. (Pt 1,) page 223. The relation between sureties and sheriff is not that of principal and agent, master and servant, or officer and

deputy.   It is a mere relation by special contract, and to be construed strictly, and not enlarging the fair intent of the parties to the contract, to the detriment of the sureties. *Bethure* v. *Dozier*, 10 Geo. 235; *Walsh* v. *Baillie*, 10 Johns. 180; *Bank, &c.* v. *Barrington*, 2 Penn. 27.

III.  But upon the main question we maintain the position that under the laws of this State, the sureties upon a sheriff's bond are not liable for a trespass committed by him, even where the action is brought by the original claimant, in his own name.   The appellant relies upon a New York case, *The People* v. *Schuyler*, 4 Com. as in point against this position.   An examination of this case shows such essential differences from the one at bar, that I call the special attention of the court to the following particulars for their consideration:

1.  Schuyler, in that case, was sued *as sheriff*, and defended *as sheriff*, and consequently judgment was against him *as sheriff*.

2.  By the New York statute, the sheriff was compelled, imdemnity being given, to retain the property attached, even after verdict of a jury against his right, if so demanded by the attaching creditor; which inevitably made his act an official one, if ever a trespass can be official.   It certainly seemed to make it *virtute officii*, in distinction from *colore officii*.   And that was the New York case precisely.   (2 R. S. 46, sections 30, 31, cited on page 195 of the report, and see statement of case, page 174.)

3.  Schuyler's bond was a strict statutory bond in New York, and different in terms from the statutory bond of this State; and the condition broken in that case was different in language from the condition here alleged to be broken: (viz., in N. Y,  " *Well and faithfully in all things perform and execute the office of sheriff of said County of Rensaellaer*," *&c.*)

4.  Even in that case the court was divided, and two directly opposite opinions were given by different judges, the minority having with them, *me judice*, the weight of

reason, and the preponderance of authority in New York. To support this statement I ask the attention of this court to the opinion of PRATT, J. concurred in by RUGGLES and HURLBUT, JJ. (page 184, 195,) also to opinion of Sup. Court in same case, 5 Barb. page 166. In support of the main proposition above, and of the opinion of the minority, in the last case, I cite the *unanimous* opinion of the Supreme Court of New York, delivered by COWEN, J., on the same point, in *ex parte Reed*, 4 Hill. S. C. R. page 572, and authorities cited by him. To the same point precisely, in support of *Ex parte Reed (ut sup) State* v. *Brown*, 11 Ired. 141, that " the sureties in the official bond of a sheriff are not liable for damages for a trespass committed by the sheriff, under color of his office. *Governor* v. *Revine*, 23 Ala. 807; *Brown* v. *Mosely*, 11 Sm. & M. 354; *Dean* v. *The Governor*, 13 Ala 526; see also, *Commonwealth* v. *Kennard*, 8 Pick. 133; *Allcock* v. *Andrews*, 2 Esp. 540.

BALDWIN J.—The first position assumed by appellees is, that the right of Hattenbach to recover of the sureties of Haskins, being in the nature of a tort, is not assignable.

The tort, in this case, was merged in the judgment, prior to the assignment. A judgment is assignable and the assignee thereof may sue thereon in his own name. *Edwards* v. *Montgomery*, 1 Iowa 143; *Weare* v. *The City of Davenport, ante.*

The next question presented for our consideration is, whether the judgment against Haskins is a bar to the right of plaintiff to recover, as against the sureties, upon the official bond. The judgment against Haskins is merely a liquidation of the damages Hattenbach sustained, and we can see no good reason why this act of the assignor of plaintiff, in s eking to make the amount of his claim out of the principal would release the sureties. The relation existing between the sheriff and his bondsman is that of principal and sureties. And, although under our statute a party aggrieved by any breaches of the bond, may sue the princi-

pal and sureties together, yet he is not compelled so to do. Nor by his election to sue the sheriff alone is he precluded his remedy against the sureties.

The next and most important question for our consideration is, whether the sureties of a sheriff are liable for a trespass committed by their principal in attempting to discharge his duty as such officer. Upon this question the authorities are somewhat in conflict. In the case of *The People* v. *Schuyler*, 4 Com. 173, this question is fully discussed and a majority of the court held that the sureties were so liable. In the case of *Strunk* v. *Ochiltree*, decided at the the present term of this court, it was held that the sureties of a constable were liable for a trespass committed by him by virtue of his office. The conditions of a sheriff's bond are the same as those of constable; each being given under and in conformity with the provisions of the same statute.

We are of the opinion that the current of authorities indicates the correctness of the ruling of the court in that case, and without the further elaboration of this point so fully discussed in the case of *The People* v. *Schuyler*, *supra*, and the cases there cited, we hold that the sureties, in this case, are liable.

It is further submitted that the bond being given to the "People of Woodbury county" is not such a bond as would make the defendants liable, there being no obligee of the contract; no such person or corporation known to the law. A mistake of this character will not vitiate the security. See section 2506 of the Code.

The court below erred in sustaining the defendant's demurrer.

                              Judgment reversed.