W. G. WYNNE, Admr., *v.* THE MISSISSIPPI & TENNESSEE RAILROAD COMPANY.

SHERIFFS' COMMISSIONS ON MONEY MADE UNDER PROCESS — NOT ENTITLED UNLESS HE MAKES THE MONEY. — A sheriff is entitled to the commissions provided by Rev. Code of 1857, p. 145, "on all money made by virtue of any decree, execution, attachment or other process," only when he collects the money, and therefore, when the defendant, after a levy by the sheriff of an execution on property ample to satisfy it, and advertisement of a sale, paid the judgment directly to the plaintiff, the sheriff was not entitled to commissions.

ERROR to the circuit court of De Soto county. FISHER, J.

The facts appear in the opinion of the court.

*Walter & Scruggs,* for plaintiff in error,

Cited Rev. Code, 1857, p. 522 ; ib. p. 145 ; Kirkland v. Robinson, 24 Ind. 105 ; Miles v. Ohaver, 14 ib. 206 ; Harper v. Royal, 3 Bush (Ky.) ; Hendon v. Mason, 4 J. J. Marsh. 575 ; Huger v. Osborne, 1 Bay. 31 ; Howard v. Levy Court, 1 Har. & Johns, 658 ; Commonwealth v. Brown, 5 Call. (Va.) 569 ; Rev. Code, p. 315.

*White & Chalmers,* for defendants in error.

Cited Rev. Code, 1857, p. 145 ; Miles v. Ohaver, 14 Ind. 206 ; Hendon v. Mason, 4 J. J. Marsh. 575 ; Vance v. Bank of Columbus, 5 Ham. (Ohio) 368 ; Cross v. The State, 1 Yerger, 261 ; Commonwealth v. Brown, 5 Call. (Va.) 569.

PEYTON, C. J. :

It appears that W. G. Wynne recovered a judgment in the circuit court of De Soto county, against the Mississippi and Tennessee Railroad Company, for the sum of $15,000. That a writ of execution upon said judgment was issued and placed in the hands of one Josiah Daily, the sheriff of said county, who levied the same upon property of the defendants sufficient to satisfy the debt, and advertised the same for sale ; but, before the day of sale, the plaintiff received the promissory note of the defendants in payment and satisfaction of his said judgment, and ordered the execution to be returned satisfied, on payment of all the costs, to that time, which the sheriff declined to do without the payment of his commissions upon the amount of said judgment, whereupon the defendants moved the court to have satisfaction entered of record, of said execution ; all the costs having been paid except the commissions claimed by said sheriff as aforesaid. The motion was sustained by the court, hence the case comes to this court and is prosecuted here, in the interest of the sheriff.

The question raised in this case is, has the sheriff a right to commissions on a judgment, which has been paid by the defendants to the plaintiff, before a sale of property by the sheriff, under execution to satisfy the same? The solution of this question depends upon the construction of the statute of 1857, which provides that, "on all money made by virtue of any decree, execution, attachment or other process," the sheriff shall be entitled to commissions at the rate therein specified. Rev. Code, 145. This, to our minds, clearly contemplates a case where the money has been made by the sheriff, under any decree, execution, attachment or other process. Wherever property has been sold by the sheriff under a decree, execution or other process, he is undoubtedly entitled to the commissions prescribed by the statute on the money made by the sale. And in a case where the plaintiff in the judgment became the purchaser of the property sold, under the execution, the sheriff would be entitled to his commissions on the amount of the plaintiff's bid, as this would be equivalent, in legal contemplation, to so much money made and paid over to the plaintiff. Commissions, or poundage as they are called, are given as a compensation for services really performed, and when these are not performed, compensation cannot justly be claimed.

The money cannot be said to be made by the officer by virtue of an execution, when paid directly by the debtor to the plaintiff before a sale under execution. But, where the officer receives the money under the authority of the execution in his hands, he is entitled to his commissions thereon, although he may not even have made a levy on property of the defendant. In Ohio, it was held, under a statute like ours, in the case of Vance v. Bank of Columbus, 2 Ham. 368, that the phrase "money made on execution," can only relate to such sums as are actually paid into the sheriff's hands upon execution. And in the state of Tennessee, in the case of Cross v. The State, 1 Yerg. 261, it was decided that a statute similar to ours contemplates a performance of the duty, to entitle the officer to his commissions for col-

lecting the money, keeping it safely and paying it over to the plaintiff. If we are right in the construction given to our statute upon this subject, it follows that there is no error in the judgment of the court below.

*The judgment is affirmed.*