THOMAS KANE, TREASURER OF CHEYENNE COUNTY, AND OTHERS, PLAINTIFFS IN ERROR, v. THE UNION PACIFIC RAILROAD, DEFENDANT IN ERROR.

1. **Practice:** APPEARANCE OF DEFENDANT. In an action against a public officer, brought in a different county from that in which he resides and holds his office, for a wrongful act done by him under color of his office, if he voluntarily appears and pleads to the merits of the case he thereby waives all objections to the jurisdiction of the court.

2. **Official Bonds:** LIABILITY OF PRINCIPAL AND SURETIES. In such case the liability of both principal and sureties in his bond, is original and primary; and the action lies against both without having first sued the officer for the tort.

3. ———: ———. The exaction of illegal fees by an officer, under color of his office, is a breach of a condition in his bond providing that he shall faithfully and impartially, without fear, favor or oppression, discharge the duties required of his office by law.

4. **Fees of County Treasurer.** Under the revenue laws, a collector of taxes has not the right to demand and receive from the taxpayer the commissions and five per cent penalties, unless he has made a "distress and sale" of the taxpayer's property in payment of his taxes. A mere levy and payment without sale do not entitle the officer to these penalties.

ERROR to the district court for Douglas county. Tried below before LAKE, CH. J. The case is stated in the opinion.

*J. L. Webster* and *George W. Doane*, for plaintiffs in error, cited the various sections of the revenue law bearing upon the duty of the county treasurer in the collection of taxes, and *Thomas v. Auditor of Hamilton County*, 6 Ohio State, 113.

*E. Wakeley* and *Leavitt Burnham*, for defendant in error, cited *The People v. Schuyler*, 4 New York, 173. *Harris v. Hanson*, 11 Me., 241. *Ohio v. Jennings*, 4 Ohio St., 418. *Skinner v. Phillips*, 4 Mass., 69. *State v. Shacklett*, 37 Mo., 280. *Strunk v. Ocheltree*, 11 Iowa, 158. *Briley v. Copeland*, 14 Ill., 38. *Van Pelt v. Littler*, 14 Cal., 194. *Bartlett v. Hunt*, 17 Wis., 214.

GANTT, J.

On the first day of May, 1874, the taxes of the defendant in error became delinquent in Cheyenne county, and on the second day of the same month and year, the plaintiff in error, Thomas Kane, the treasurer of said county, and collector of taxes therein, seized and levied on four locomotives of the defendant for the payment of said tax, and for his fees in collecting the same. On the sixth day of the same month the defendant offered to pay all the said tax; but the plaintiff refused to receive the same and release the property so levied, unless it also paid certain fees and penalties charged against it, which the defendant alleges were illegal and unauthorized by law; and on the day last mentioned, the defendant paid said tax, and also, under written protest, paid all the fees and penalties exacted by the plaintiff, in order to redeem its property from the levy thereon. This action was brought to recover the fees and penalties so paid under

protest. In the answer to the petition it is alleged that the fees and penalties exacted by plaintiff were, and are, legal and authorized by law; that the parties, who are the sureties of Kane are not liable in this action; and the district court of Douglas county, in which the cause was pending, had not jurisdiction of the case.

The record shows that the plaintiffs in error voluntarily appeared in the case and demurred to the amended petition, on the ground that the same did not state facts sufficient to constitute a cause of action against them; and this demurrer being overruled, they filed their answer to the petition. This appearance and pleading to the merits of the case, constitutes a clear and absolute waiver of all objections to the jurisdiction of the court. *Fee v. Big Sand Iron Co.*, 13 Ohio State, 563. *Harrington v. Heath*, 15 Ohio, 483.

The next question is: are the sureties in the bond of Kane as treasurer liable for his official misconduct in the exercise of his official duties? The latter clause in the bond provides, that " he shall faithfully and impartially, without fear, favor, fraud, or oppression, discharge all the other duties, now or hereafter, required of his office by law." Cooley, in his Treatise on Taxation, 500, says that the liability on the bond must be governed by its conditions. 2 Bouvier Institutes, 57–8. But section nine, of chapter VI, of the General Statutes, provides, that " all official bonds shall be obligatory upon the principal and *sureties*, for the faithful discharge of all duties required by law of such principal, for the use of any person injured by a breach of the conditions of such bond." And this liability is original and primary, and, therefore, the action may be brought against both the principal and sureties, without having first sued the officer for the tort. *Briley v. Copeland*, 14 Ill., 38. *Van Pelt v. Littler*, 14 Cal., 194. *Bartlett. v. Hunt*, 17 Wis., 214. And, again, the rule seems to be well

settled, and is certainly .sound in principle, that the exaction of illegal fees under color of office is a breach of such condition as that contained in the bond offered in evidence in this case. *People v. Schuyler*, 4 N. Y., 173. *Charles v. Haskins*, 11 Iowa, 329. *Harris v. Hanson.* 11 Me., 241. *Ohio v. Jennings*, 4 Ohio State, 418. *Skinner v. Phillips*, 4 Mass., 69. *State v. Shacklett*, 37 Mo., 280.

But, are the fees and penalties exacted by Kane, and paid to him by defendant in error under protest, illegal and unauthorized by law? The plaintiffs' answer shows that these fees and penalties are composed of the following items: five per cent penalty, under section fifty of the revenue laws, $953.50; under section five, chapter XXII, of the General Statutes, entitled "Fees," $204.70; for seizure and levy, $1.00; and for expenses in keeping the property, $50.00; making a total of $1209.20. Section forty-nine of the revenue laws (Genl. Stat., 916), provides, that if any person neglect to pay his personalty taxes "until after the first day of May next succeeding the levy of the tax, the treasurer is directed to levy and collect the same, together with the costs of collection by *distress and sale* of personal property belonging to such person, in the manner provided by law for the levy and sale of property on execution, and the treasurer shall be entitled to the same fees for service as are allowed by law to sheriffs for selling property under execution." Section fifty-two of the same act provides, that the treasurer must give notice of the sale " within five days after the taking, in the manner that constables are required to give notice of the time of sale of personal property in execution: * * * any surplus remaining above the taxes, charges for keeping, and *fees for sale,* shall be returned to the owner;" and section fifty provides, that " the treasurer shall proceed as soon after the first day of May as practicable to make such

delinquent tax out of the personal property of such delinquent," and the remedy to be pursued shall "be the same as provided in sections forty-nine and fifty-two of this act; and the treasurer shall be entitled to five per cent additional compensation for making such collections, to be paid by such delinquent, and also the fees now prescribed by law." These provisions in regard to the fees and penalties are penal in their nature, and the rule is that penal statutes must be construed strictly; yet, courts must not narrow the construction in such cases, so as to prevent the plain and obvious meaning of the law, or subvert the true intent of the law-giver. *Rex v. Inhabitants of Hodnett*, 1 D. & E., 101. *United States v. Winn*, 3 Sumner, 209. *Pike v. Jenkins*, 12 N. H., 255.

Now, it seems clear, according to the provisions of the statute, that the legal right to exact the commissions and penalties therein mentioned, depends entirely upon the performance of the services required by sections forty-nine and fifty-two. The service, the performance of which entitles the officer to these penalties, is the collection by "*distress and sale*" of personal property belonging to the delinquent taxpayer, first giving the proper notice of such sale. This is the plain, obvious meaning of the language used in these sections; and as there is no provision made for the payment of either commissions or penalty upon a mere levy being made and the payment of the tax money without a sale, there can be no doubt as to the intent of the law-makers. *Vance v. Bank of Columbus*, 2 Ohio, 214. *Converse v. Jennings*, 13 Gray, 77. *Wynne v. Miss. and Tenn. R. R. Co.*, 45 Miss., 569. Courts cannot extend the operation of such statutes, or allow compensatory fees in such case, without direct statutory authority.

Therefore, we are clearly of opinion, that the commissions and five per cent penalties, exacted by Kane and paid by defendant to him, were illegal and unauthorized

by law; and that, as the record shows that judgment was rendered only for these commissions and penalty, there is no ground for the reversal of it. As the rulings of the court, in giving some and refusing other instructions prayed, are consistent with the law as we have interpreted it, they afford no ground for disturbing the judgment.

JUDGMENT AFFIRMED.