LAKE, C. J.
This is a petition in error from Hall county. The action below was against Joseph Killian, the sheriff of that county, and his sureties upon his official bond, to recover damages alleged to have been sustained by the plaintiffs as mortgagees of certain personal property, in consequence of its seizure and sale by that officer under a process which he held against the property of the mortgagor. To the petition several demurrers were interposed—one by the sheriff and one by his sureties. These demurrers, which were general, were sustained, and it is this ruling'of the Court that is now complained of. On behalf of the sureties it is claimed in support of the ruling upon their demurrer that, inasmuch as'the petition shows the seizure of the goods to have been made by the sheriff after being fully advised by the plaintiffs of their claim to them, his act was a trespass for’ which they are not answerable; and cases are cited which support counsel in this view; but, as we think, the great weight of the authorities is the other way.
In the case of People v. Schuyler, 1 Comstock, 173, it was held that “where a sheriff, having in his hands a process against the property of the defendant therein, seizes by virtue thereof the goods of another person, he is, guilty of official misconduct, and he and his sureties thereby become liable on his official bond.”
To the same effect are the following of the numerous cases that might be cited: Carmack v. Com., 5 Bin., 184; Com. v. Stockton, 5 Mon., 192; State v. Mason, 25 Wis., 684; Moulton v. Jose, 25 Me., 76; Charles v. Haskins, 11 Iowa, 329; Skinner v. Phillips, 4 Mass., 68. And our own decisions upon the question are in accord with the view that when a sheriff, in the perform- • anee of his official duty, is guilty of misconduct resulting injuri *477 ously, whether to one like a party to a suit having a direct interest in his action, or to a stranger to the proceeding, both he and his sureties are answerable therefor.
In the case of Kane v. Union Pac. R. Co., 5 Neb., 105, where one of the conditions of the bond of Kane, as county treasurer, was the same as the one now under consideration, viz: That “he shall faithfully and impartially, without fear, favor, fraud or oppression, discharge all the other duties now or hereafter required of his office by law,” it was held that the exaction of illegal fees as treasurer rendered both him and his sureties liable. Again in the case of Huffman v. Kopplekom, 8 Neb., 344, [S. C. 1. N. W. Rep. (N. S.) 243,] where it was shown that the defendant, as sheriff, holding a process authorizing him to arrest one Clark, who was charged with a felony, through carelessness, and unlawfully arrested the plaintiff, and in so doing seriously wounded him, we held that both the sheriff and his sureties were liable in an action on his bond. Still another case, possibly more directly in point and recently decided, is that of Noble v. Himoe, 10 N. W. Rep., 499, in which a constable with an execution in his hand against the property of S., the keeper of a drug store, seized a lot of patent medicines held by the druggist for sale on commission, although duly notified that they belonged to another. It was held that the constable and his sureties were liable to the owner of the medicines for their value. In the case now under consideration, counsel for the defendant in error lay particular stress upon the fact of its being alleged in the petition “that the defendant Killian, * * * having full knowledge of plaintiff’s ownership and possession, wrongfully and unlawfully broke into said store, seized said goods,” etc., and claim that inasmuch as this shows a deliberate act of trespass, it cannot properly be said to have been an official act. We think this position is untenable. The sheriff had the process of a Court, which by the law he was directed to execute in a certain manner upon the property of the person named therein. The condition of his bond, which ran to the county of Hall for the benefit of the public, was that he would do this faithfully, and without favor or oppression, etc. This he did not do, but, instead, took the property of another and disposed of it in satisfaction of the writ. This very clearly, was a violation of official duty, and, within the contemplation of his bond, just as much so as if the act had resulted *478 from gross carelessness or mere indifference in performing the duty enjoined upon him.
Another point made against the petition is, that it does not show from what Court, nor when, the order of attachment under which the sheriff seized the goods was issued. This certainly was a defect which ought not to have occurred, and might have required an amendment of the pleading, as to those particulars, if a motion to that effect had been made at the proper time. We think enough was alleged, although very informally, to support a judgment in favor of the plaintiff, and therefore the omission complained of did not render the petition demurrable. The point is also made against the petition that the mortgage is shown to have been given without consideration, and is therefore void. The only ground for this assumption is the fact that the mortgage was given to secure the payment of an antecedent indebtedness then past due. “A pre-existing debt is a valuable consideratian for a mortgage, and protects the mortgagee to the same extent that he would be protected if he had paid a new consideration at the time of the mortgage.” (Jones’ Chat. Mortg., Sec. 81, and cases there cited.) There is nothing in the fact of the mortgage having been given to secure the payment of a debt already due that denotes fraud in the transaction.
It is claimed also that the mortgage is fraudulent and void as to the creditors of the mortgagor, because of the following provision contained therein, under which he retained possession of the property until just before the levy was made, viz: “Said goods, wares, and merchandise are to be sold at retail for cash, and true and correct books of account are to be kept, and the proceeds of the daily sales are to be turned over to said Turner, Frazer & Co., (the mortgagees), and applied upon the above mentioned notes until the same are all fully paid off and discharged. The said stock hereby mortgaged to be owned, held, and controlled by the said party of the second part (mortgagee) until said notes are fully paid and cancelled. Said Sawyer (the mortgagor) to act in the premises for said T., F. & Co. until the said indebtedness is fully liquidated, after which this mortgage shall be cancelled, and the possession of the remainder to be surrendered to said Sawyer.”
“Under some circumstances a mortgagee may employ a mortgagor as his agent to take care of the mortgaged property after *479 he has taken possession of it.” (Jones, Chat Mortg., Sec. 181.) Doing this, or leaving the mortgagor in possession of the property, is of course, under our statute, evidence of fraud in the making of the mortgage; but until the instrument is attacked on that ground, it cannot be judged fraudulent. Our statute of frauds has this provision: “Section 2. Every sale made by a vendor of goods and chattels in his possession or under his control, and every assignment of goods and chattels by way of mortgage or security, or upon any condition whatever, unless the same be accompanied by an immediate delivery, and be followed by. an actual and continued change of possession of the thing sold, mortgaged, or assigned, shall be presumed to be fraudulent and void as against the creditors of the vendor, or the creditors of the person making such assignment, or subsequent purchasers in good faith, and shall be conclusive evidence of fraud, unless it shall be made to appear on the part of the person claiming under such sale or assignment that the same was made in good faith, and without any intent to defraud such creditors or purchasers.” Under this provision it cannot reasonably be questioned that if the goods are permitted to remain with the mortgagor, the mortgage, as to his creditors and subsequent purchasers in good faith, is prima facie fraudulent and void; and whenever the question is properly raised must be so declared, unless it is shown by competent evidence that it was “really made in good faith; and without any intent to defraud such creditors or purchasers.” (Pyle v. Warren, 2 Neb., 241.) By the term “creditors,” in this section is not included all persons to whom the mortgagor may happen to be indebted at any time, but only those who are his creditors while the mortgaged property is “in his possession or under his control.” (Section 12 of the chapter on Frauds, Comp. St., 288). Section 20 of our statute of frauds provides that “the question of fraudulent intent, in all cases arising under the provisions of this chapter, shall be deemed a question of fact and not of law,” etc. Therefore, if the defendant wish to put in issue the bona fides of this mortgage, they must do so by suitable answers to the petition, charging fraud directly, so that an issue may be formed and the question submitted to a jury.
For these reasons the judgment must be reversed, the demurrers overruled, and the cause remanded for further proceedings.

Reversed and remanded.