# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

FIRST DISTRICT—OCTOBER TERM, 1891.

43  337
50  642

THE PEOPLE OF THE STATE OF ILLINOIS, FOR USE, ETC.,

V.

WILLIAM A. ZINGRAF ET AL.

*Principal and Surety—Constable's Bond—Action on—Exemptions—
Judgment in Trover against Principal.*

1. When the condition of a bond is to abide the order or judgment of a court, the action of a given court binds the surety, though he had no opportunity to influence it; but if it be to perform an act *in pais*, then such a judgment against the principal is not evidence against the surety.

2. If, upon the schedule presented by a debtor, it was the duty of an officer to release property attached, as exempt, and he failed to do so, all the facts from which the duty arose should be stated in the declaration in an action upon the officer's bond.

3. Whenever facts alleged involve a question of law, they must be so stated that the court can see that the legal conclusion relied upon follows.

4. In an action on such bond the recovery must be against all the defendants, or none.

5. This court holds that the averment of the declaration in the case presented was insufficient, and declines to interfere with the judgment for the defendants.

[Opinion filed November 2, 1891.]

In ERROR to the Circuit Court of Cook County; the Hon. JULIUS S. GRINNELL, Judge, presiding.

Messrs. A. H. THOMPSON and LEVI SPRAGUE, for plaintiffs in error.

Mr. SYLVESTER G. ABBOTT, for defendants in error.

GARY, J. The parties here are in the same position as in the Circuit Court. The action is upon the bond of a constable, against him and his sureties, alleging as the breach of the condition to "faithfully discharge the duties of his office as constable," that Zingraf refused to surrender to Shambaugh property of hers which he had levied upon under an execution against her, upon her claim that it was exempt under the statute. The declaration shows that she had recovered a judgment in trover against him, for a conversion of the property, but without satisfaction.

The defendants pleaded to the declaration, and on demurrer to all their pleas, the declaration was adjudged insufficient, and final judgment entered for the defendants. To reverse that judgment this writ of error is prosecuted.

The briefs are mainly for or against the proposition, that the judgment in trover against the constable is a bar to any recovery upon his official bond. Whether the Circuit Court held that proposition to be law and decided the case upon it, we have no means to ascertain, nor is it of any consequence, if for any reason the judgment is right. Potter v. Gronbeck, 117 Ill. 404. But it would seem easier in the great conflict of authority to show that such a judgment fixed the liability of the defendants, than that it discharged them. See the cases collected in Freeman on Judgments, Sec. 180; Black on Judgments, Sec. 588-590; Brooks v. People, 15 Ill. App. 570; McAllister v. Clark, 86 Ill. 236.

The proper distinction between the cases in which a judgment against the principal is, or is not binding upon the sureties, is pointed out by Sanderson, C. J., in Irwin v. Backus, 25 Cal. 214, and quoted by Black in note to Sec. 589.

When the condition is to abide the order or judgment of a court, the action of the court binds the surety, though he had no opportunity to influence it; but if it be to perform an act

*in pais,* then such a judgment against the principal is not evidence against the surety.

This case falls within the latter class. It is therefore necessary to look to the averments of the declaration to see whether, without reference to the judgment against the constable, official misconduct, constituting a breach of the condition of his bond, is shown; for though the judgment against him may estop him on that point, yet in this action on the bond, the recovery must be against all or none of the defendants. Tolman v. Spaulding, 3 Scam. 13, has been often followed. Enterprise Distillery Co. v. Bradley, 17 Ill. App. 509.

Now the averment of the declaration is that "within seven days of the time said execution was issued and levied upon said piano as aforesaid, (she) made and executed under oath her schedule for exemption, as by the statute in such case made and provided," etc., demanded the piano and was refused.

This is wholly insufficient. No facts are stated to show what the schedule was, or that she could claim the piano as exempt. It is not shown that the piano was worth no more than $100, nor that she was the head of a family, and the piano not worth more than $300. Had she other property, then it was her duty to schedule it and turn it out. Statute "Exemptions" as amended in 1887; McMasters v. Alsop, 85 Ill. 157. Whenever the facts involve a question of law, they must be so stated that the court can see that the legal conclusion relied upon does follow. Corwin v. Shoup, 76 Ill. 246; Byrne v. McMurty, 2 Gilm. 424.

If upon the schedule presented it was the duty of the constable to release the piano, all the facts from which the duty arose should be stated in the declaration. Zjednoczenie v. Sadeki, 41 Ill. App. 329.

The demurrer was rightly carried back to the declaration, and the judgment is affirmed.

*Judgment affirmed.*