### George Hinchliff and Edward Harlan v. Joseph Rudnick.

1. PLEADING—*Allegations of Duty.*—An allegation that a certain line of conduct was a duty is superfluous. If from the facts stated, the law implies a duty, the charge is sufficient.

2. SAME—*Statement of Material Averments.*—In general, material averments in pleading must be alleged with certainty.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the March term, 1897. Reversed and remanded. Opinion filed May 6, 1897.

EDWIN F. ABBOTT, attorney for appellants.

F. M. BURWASH, attorney for appellee; J. W. BYAM, of counsel.

Mr. Justice Waterman delivered the opinion of the Court.

It is necessary that material allegations shall be unequivocally made. The declaration in the present case is faulty because it is uncertain.

In one count, the allegation as to negligence and its consequence is as follows:

"The defendants, whilst they were then and there carrying on said work as aforesaid, negligently, wrongfully and improperly left or cut away certain steep banks about said excavation, or threw out and piled up or caused to be thrown out and piled up the earth taken from said excavation into precipitous banks around and about said excavation and allowed the same so to remain, and suffered and permitted divers loose and unsecured materials, to wit, iron pipes, to be and remain thereon or thereabouts, and without erecting or placing any proper safeguards thereabouts or around said excavation, to prevent the same from falling or being propelled into said excavation and upon divers, the persons rightfully therein, and by means of the premises one of the iron pipes as aforesaid, so wrongfully permitted to be and remain on or about said precipitous banks, then and there fell, or was propelled into said excavation, so unprotected and unsecured as aforesaid, upon the body and person of said plaintiff, then and there rightfully being in the said excavation."

In the second count the allegation as to this is:

"Yet the defendants wholly disregarded their duty in the premises at the time aforesaid, and whilst the plaintiff was then and there rightfully being in said deep excavation, using all due care and diligence in and about his own safety and well being, wrongfully, negligently, carelessly and improperly precipitated or rolled or allowed to be precipitated or rolled or to fall therein, or improperly neglected to interpose proper barriers to prevent from falling or rolling or being precipitated therein, a certain heavy iron pipe then and there, which struck with great force and violence upon the person of the plaintiff then and there rightfully in said deep excavation."

For anything that appears in the declaration, the iron pipe was maliciously thrown by a stranger into the excavation, and thus, through the malicious act of such stranger, and not through the negligence of defendant, was the plaintiff injured.

"Or propelled into said excavation," "or allowed to be precipitated," or "neglected to interpose proper barriers to prevent being precipitated," are charges each consistent with the act of precipitation being that of a malicious stranger, for which defendants were not responsible.

An allegation that a certain line of conduct was a duty, is superfluous.

If from the facts stated the law implies a duty, that is a sufficient charge. West Chicago St. Ry. Co v. Coit, 50 Ill. App. 640; Cribben v. Callaghan, 41 N. E. Rep. 178.

In general, material averments in pleading must be alleged with certainty. Rule VII, Stephens on Pleading; 1 Chitty on Pleading, 233, 9th Am. Ed.

The declaration fails to state with certainty a cause of action.

The judgment of the Circuit Court is therefore reversed and the cause remanded.