## D. White, Appellee, v. Henry A. Gardner, Appellant.
### Gen. No. 15,405.

1. JUDGMENTS—*when erroneous in action ex contractu.* In actions *ex contractu* against two or more the plaintiff must recover against all of the defendants or none except in cases where a defendant interposes a defense personal to himself such as infancy, coverture, lunacy, bankruptcy and the like.

2. PRACTICE—*effect of motion in arrest.* If a defendant moves in arrest of judgment without assigning any specific reasons and excepts to the denial of his motion, he is at liberty to urge any sufficient reason in the Appellate Court.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook county; the Hon. MERRITT W. PINCKNEY, Judge, presiding. Heard in this court at the March term, 1909. Reversed and remanded. Opinion filed November 10, 1910.

**Statement by the Court.** Plaintiff brought an action *ex contractu* against appellant Gardner and Herman Lucht before a justice of the peace. Lucht was not served with summons and plaintiff had judgment against Gardner, who appealed to the Circuit Court. In that court an appeal summons to Lucht was issued and served on Lucht. The jury returned a verdict against defendant Gardner for $183. Defendant moved for a new trial, but in his written motion did not state as a ground for new trial that the verdict was against him alone. The court denied the motion. Gardner then moved in arrest of judgment, the court denied his motion, and he excepted. The court then entered judgment against Gardner on the verdict and he excepted. There was no disposition of the cause as against defendant Lucht.

GARDNER, STERN & ANDERSON, for appellant.

THOMPSON & THOMPSON, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court. It is well settled in this state that in actions *ex con-*

*tractu* against two or more, the plaintiff must recover against all of the defendants or none, except in certain cases where a defendant interposes a defense personal to himself, such as infancy, coverture, lunacy, bankruptcy, and the like. No such defense was interposed by Lucht in this case. Here the error alleged in the finding of the jury appeared on the face of the record. The general rule is that where errors are patent on the record they are open to revision in a court of review without any motion in arrest of judgment or exception taken in the trial court. Bennett v. Butterworth, 11 How. U. S. 669. But in this case Gardner moved in arrest and excepted to the denial of his motion. When a defendant moves in arrest of judgment without assigning any specific reasons, and excepts to the denial of his motion, he is at liberty to urge any sufficient reason in the Appellate Court. W. C. St. R. R. Co. v. Coit, 50 Ill. App. 640.

In Farrelly v. Hogshead, 97 *id.* 244, it was held that the objection here made to the judgment could not be raised for the first time in the Appellate Court. If the correctness of the rule stated in that case be conceded, the judgment in this case must still be reversed, for the question whether the plaintiff was entitled to a judgment on the verdict against Gardner alone was presented to the trial court by his motion in arrest and saved for review here by that motion and his exception to its denial.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*