The People of the State of Illinois for the Use of Joseph Heidinger, Appellant, v. United States Fidelity and Guaranty Company, Appellee.

Gen. No. 39,191.

Opinion filed March 30, 1937.

Edward L. Bracklow, of Chicago, for appellant.

Robertson, Crowe & Spence, of Chicago, for appellee; Eugene P. Kealy and Carl E. Abrahamson, both of Chicago, of counsel.

Mr. Presiding Justice John J. Sullivan delivered the opinion of the court.

This appeal seeks to reverse the judgment of the circuit court entered April 24, 1936, in favor of the defendant, United States Fidelity & Guaranty Company, after the dismissal of plaintiff's complaint on defendant's motion, and also an order entered April 10, 1936, denying plaintiff's motion for an order of default and judgment against defendant for its alleged failure to plead or answer within the time provided by statute.

This is an action upon the official bond of George E. Heatley, a constable, to recover damages of $235 and costs, the amount of a judgment in trover secured by Joseph Heidinger (hereinafter for convenience referred to as plaintiff) against the said Heatley in the circuit court April 9, 1934. The constable had seized an automobile under a writ of attachment in a proceeding brought by one William Roll of Blue Island, Illinois, against one Mrs. E. E. Rose, its alleged owner. Heidinger brought a replevin action to recover the automobile. The writ of replevin having been returned "no property found," the cause was tried as an action in trover and the aforesaid judgment for $235 and costs against Heatley was rendered April 9, 1934, in the circuit court upon appeal from a judgment in Heatley's favor entered before a justice of the peace.

It is alleged in the complaint in the instant case that "on or about the 20th day of August, 1933, said George E. Heatley, as constable of Worth Township, Illinois,

and under authority of that office, took possession of one 1931 Ford standard coupe . . . property of the plaintiff''; that ''thereafter said George E. Heatley unlawfully withheld from plaintiff said automobile and refused to surrender the same to plaintiff''; that ''on the 9th day of April, 1934, in the case of Joseph Heidinger v. George E. Heatley, in the circuit court of Cook county . . . the court decided that the said George E. Heatley unlawfully withheld possession of said automobile from the plaintiff and awarded judgment to the plaintiff in trover in the sum of Two Hundred Thirty-five ($235) Dollars . . .''; that ''said judgment is final, and that the said George E. Heatley now stands convicted of unlawfully and illegally withholding possession of said automobile from plaintiff''; and that ''said judgment and costs have not, nor have any part thereof, been paid by said George E. Heatley, or any one on his behalf.'' Recovery is sought here against the defendant, United States Fidelity and Guaranty Company, as surety upon the official bond of the constable, upon the theory that ''the finding in the judgment of trover that the constable wrongfully withheld plaintiff's property, constitutes a breach of the bond.''

After it had been served with summons the defendant filed its appearance and on March 16, 1936, served plaintiff's attorney with written notice that it had on the same day filed in the office of the clerk of the circuit court its written motion to dismiss plaintiff's complaint on the following ground:

''1. It appears from the Complaint that this is a suit upon a constable's official bond by the plaintiff, Joseph Heidinger, who alleges that his property was unlawfully taken possession of by said constable under authority of his said office; that thereafter the said Joseph Heidinger did institute a replevin action against the said George E. Heatley, constable, and did

recover a judgment in trover against the said defendant for the sum of Two HUNDRED TWENTY FIVE DOLLARS ($225).

"2. That as a matter of law, the plaintiff having elected to institute an action of replevin against the defendant, George E. Heatley, as constable, and having recovered a judgment in said action, is barred from maintaining an action on the said George E. Heatley's official bond as constable."

Plaintiff's written motion of April 8, 1936, for default and judgment because of defendant's failure "to plead or answer within the required statutory time" was denied April 10, 1936, and on April 24, 1936, defendant's motion to dismiss the complaint was sustained and judgment entered against plaintiff as heretofore stated.

Plaintiff contends that the obligation of the bond being joint and several, he had the right to maintain his action against the principal or surety or both and that his unsatisfied judgment against the constable is no bar to his instant action against the surety; that the trial court in dismissing his complaint erroneously invoked the doctrine of election of remedies; and that "the filing of a paper denominated a motion to strike with a clerk is ineffective as a motion."

Defendant's theory is that plaintiff having elected to institute an action of replevin against the constable and having recovered a judgment in trover in said action, is precluded from thereafter maintaining an action against the surety on the official bond, since the plaintiff was put to an election of remedies; and that its motion to dismiss plaintiff's complaint was properly filed and the hearing thereon was in accordance with the recognized and established practice in the circuit court.

The principal question presented for our determination is whether the election of plaintiff to proceed

against the constable in the first instance operated as a bar to further proceedings against the surety on his bond.

No case has been cited and diligent search has failed to reveal one wherein a court of review of this State has had presented to it or decided this precise question under a factual situation such as is presented here. This dearth of authority may well be explained by the fact that it is almost universally recognized that an unsatisfied judgment against a constable for his official misconduct does not preclude an action against his surety for breach of his bond.

Defendant cites *Briley v. Copeland*, 14 Ill. 38, *People v. Zingraf*, 43 Ill. App. 337, and *Presson v. Worthen*, 66 Ill. App. 457, which it claims support its position that plaintiff, having elected to institute an action of replevin against Heatley as constable and having recovered a judgment in trover in said action, could not thereafter maintain an action on his official bond, since plaintiff "was put to an election of remedies." We do not consider these cases at all applicable.

In the *Briley* case, *supra,* the only question before the court was whether the justice of the peace who originally tried the cause had jurisdiction by reason of the amount of money involved. Concluding its brief opinion, the court there said that "a party may, at his election, sue the constable directly, or bring an action against him and his sureties on his official bond." This statement was purely dictum, but, in any event, it lends no support to defendant's position. Even a strained construction of the language used could not twist it into holding that an unsatisfied judgment against the constable, whom it was elected to sue directly, precluded a subsequent action against the sureties on his official bond.

In the *Zingraf* case, *supra,* the facts as stated by the court are that "the action is upon the bond of a

constable, against him and his sureties, alleging as the breach of the condition 'to faithfully discharge the duties of his office as constable,' that Zingraf refused to surrender to Shambaugh property of hers which he had levied upon under an execution against her, upon her claim that it was exempt under the statute. The declaration shows that she had recovered a judgment in trover against him, for the conversion of the property, but without satisfaction.'' While the court stated that ''the briefs are mainly for or against the proposition, that judgment in trover against the constable is a bar to any recovery upon his official bond,'' it went on to say ''whether the circuit court held that proposition to be the law and decided the case upon it, we have no means to ascertain,'' and based its decision upon the insufficiency of the allegations of fact in the declaration to show ''official misconduct, constituting a breach of the condition of the bond.'' But Justice Gary, who wrote the opinion of the court, in commenting upon the proposition above referred to, did say that ''it would seem easier in the great conflict of authority to show that such a judgment [against the constable] fixed the liability of the defendants [sureties], than that it discharged them,'' citing Freeman on Judgments, sec. 180, and Black on Judgments, secs. 588, 590. Reference to Freeman's work discloses that the author assumes and considers as established the right of a party who has secured a judgment against a sheriff or constable but without satisfaction, to proceed against the sureties on his official bond, and that the conflict of authority mentioned by Justice Gary is rather as to the effect of the judgment against the principal for the purpose of charging the sureties on his bond in the subsequent action against them. Black on Judgments is to the same effect.

In *Presson v. Worthern, supra,* cited by defendant, the facts as stated therein are: ''Appellee Worthen, a constable, having an execution against J. A. Presson, levied the same upon four hogs and a box, which was the property of appellant [C. C. Presson]. The hogs were recovered by appellant in an action of replevin before a justice of the peace. The box was not found, and appellant did not seek to recover the value thereof, or damages for the wrongful taking and detention of the property. Afterward appellant brought an action on the constable's official bond for the recovery of these items, together with damages for time lost and expenses incurred in the prosecution of the replevin suit.'' It will be noted that the aggrieved party recovered his hogs in his replevin action against the constable and that he sought no damages against him for the wrongful taking and detention of his property. The court held at p. 459: ''The law does not permit the plaintiff to split one cause of action. He cannot replevy part of the property, and then institute another replevin suit for another part. If he fails to secure part of the property under the writ, he must recover its value in the same suit, or be barred from recovery thereof. The aggrieved party is put to an election between remedies, and, if he chooses replevin, must recover his damages in that action.'' This case presents an entirely different aspect than the instant case and the court properly held that ''the law does not permit the plaintiff to split one cause of action.'' There was no unsatisfied judgment in the replevin action against the constable in that case, and, in our opinion, the conclusion reached by the court that ''the aggrieved party is put to an election between remedies, and, if he chooses replevin, must recover his damages in that action,'' must be considered only in the light of the peculiar facts in that case.

If we assume for instance that a constable under a writ of attachment wrongfully seized a watch of a third person, which was treasured more as a keepsake than for its intrinsic value, we think that it would be preposterous to contend that it is the law that such third person's action of replevin, brought in the hope of recovering such keepsake, which was unsuccessful to that end but resulted in an unsatisfied judgment in trover, barred him from recovery against the surety on the constable's bond.

A recovery against a sheriff or constable alone, without satisfaction, for a matter which constitutes a breach of his official bond, is not a bar to a subsequent suit against his sureties on the bond. (Brandt on Suretyship, sec. 694.)

In *Treasurers of State v. Sureties of Oswald,* 2 Bailey Law (S. C.) 214, where it was contended that recovery in assumpsit against a sheriff discharged the sureties on his official bond, the court said at p. 215:

''The legal proposition, arising out of the defendant's plea, is, that they were discharged by the judgment obtained against their principal, Oswald. As applied to joint and several obligations, there can be no question, that a judgment against one of several obligors, without satisfaction, is no bar to a recovery against the others. Whatever may be the effect of the recovery against Oswald, as to his own liability, the liability of these defendants remains precisely as it was before. They were not parties to that suit, nor would they have been liable in that form of action: if liable at all, it is upon their bond, and in this form of action; and their liability must be resolved by the rule before laid down, about which there is no difficulty.''

In *State v. Cason,* 11 S. C. 392, it was held that a judgment recovered against a sheriff, after the expiration of his term for moneys received while in the

office, is no bar to a subsequent action against the sheriff and the sureties on his official bond, jointly executed, alleging breaches generally and setting forth the recovery of this judgment against him, and his failure to pay the same.

In *Charles v. Haskins,* 11 Iowa 329, the court held at pp. 334, 335: "The next question presented for our consideration is, whether the judgment against Haskins is a bar to the right of plaintiff to recover, as against the sureties, upon the official bond. . . . The relation existing between the sheriff and his bondsmen is that of principal and sureties. And, although under our statute a party aggrieved by any breaches of the bond, may sue the principal and sureties together, yet he is not compelled so to do. Nor by his election to sue the sheriff alone is he precluded his remedy against the sureties." To the same effect are *People v. Schuyler, Sheriff,* 4 Com., 173; 3 Kent's Com., 85; *Johnson v. Chapman,* 3 Penn. 18; *Purdy v. Wolffe,* 16 S. & R. 79; *Commonwealth v. Evans,* 1 Watts 437; *Paine v. Fox,* 16 Mass. 129; *People v. Dunlap,* 13 John., 437; *Casey, Judge v. Wilman,* 9 Mass. 116; *Barley v. Butler,* 2 Shep. 112; *United States v. Hoyt,* 1 Blatchley 326; *Mussulman v. Commonwealth,* 7 Barr, 240; *State v. Woodward,* 7 Iredell 296; *Eagles v. Kern,* 5 Whart. 144.

Upon reason and principle, supported by all the authorities on the subject which we have been able to find, we are impelled to hold that plaintiff's right to maintain this action against the surety on the constable's official bond is not barred by the prior unsatisfied judgment in trover against the constable. We have found no authority to the contrary.

Plaintiff's contention that his motion for default and judgment should have been sustained because defendant filed its motion to dismiss the complaint in the office of the clerk of the court instead of present-

ing it to the court in the first instance is purely technical.

If the defendant believed that the complaint did not state a cause of action, it had the right to make its written motion to dismiss rather than otherwise plead or answer. Its motion was filed within apt time and notice of its filing was served upon plaintiff. The motion to dismiss under the Civil Practice Act takes the place of the demurrer under the old practice and, while strict conformity to the spirit and intention of the rules of procedure now in effect required that such a motion be presented and argued in open court in the first instance, we are constrained to hold that the conduct of defendant in filing its motion with the clerk and thereafter calling it up before the court for disposition, should not deprive it of the benefit of said motion. With defendant's motion to dismiss the complaint pending and undisposed of, plaintiff's motion for default and judgment for "the failure of the defendant to plead or answer within the required statutory time" was properly overruled.

For the reasons stated herein the order of the circuit court of April 10, 1936, is affirmed but the judgment order of April 24, 1936, is reversed and the cause remanded with directions to deny defendant's motion to dismiss plaintiff's complaint and for such further proceedings as are not inconsistent with the views expressed herein.

*Affirmed in part, reversed in part and remanded with directions.*

FRIEND and SCANLAN, JJ., concur.