POWELL, CLERK, *v.* DAVIS ET AL.

[80 South. 556, Division A.]

1. JUDICIAL SALES. *Commissioner. Fees. Money made.*

The Code of 1906, section 2185-2176 (Hemingway's Code, sections 1866-1857), providing that commissioners making sales under a decree shall be allowed the same fees as sheriffs under execution and that sheriffs shall be allowed a fee "on all money made" does not limit the compensation of the commissioner to his per centum commission on the actual money paid into his hands, but the commission is allowable upon the amount realized or "money made" by and under the sale of the particular property decreed to be sold.

2. PARTITION. *Commissioner's fees. Mortgagees. Property sold.*

Where under a decree property was ordered sold subject to a mortgage the mortgagee not being a party to the suit, and only the interest of the parties to the suit was ordered to be sold, in such case the commissioner making the sale was entitled to commission only on the difference between the entire sale price and the amount of the mortgage on the property.

APPEAL from the chancery court of Grenada county. HON. J. G. McGOWAN, Chancellor.

Proceedings to partition the estate of Van C. Davis, deceased, in which M. E. Powell, clerk of the chancery court, was appointed commissioner to make the sale. Maggie M. Davis and others objected to the allowance of certain commissions and from a decree that the commis-

sioner was entitled to commissions only upon the amount of cash realized the commissioner appeals.

The facts are fully stated in the opinion of the court.

*Cowles Horton,* for appellant.

Sec. 2185 (j) Code of 1906 provides that masters in chancery and commissioners shall receive "the same fees allowed sheriffs on sales under execution," for making sales under decrees. Sec. 2176 (z) fixes the sheriff's fees as follows:

"On all money made by virtue of any decree, execution, attachment, or other process, the following commissions, to wit: On the first one hundred dollars or less, three per centum; On the second one hundred dollars, two per centum; On all sums over two hundred dollars; one per centum."

This cost bill was made out in exact compliance with this statute, but appellees argue that since the clerk actually handled in cash only twenty-five hundred dollars that he is entitled to commissions only upon that sum. It is quite apparent that the learned chancellor did not consider the principles laid down by this court in construing this statute under the Code of 1857 or a different conclusion would have been reached. The case referred to is *Wynne* v. *R. R. Company,* 45 Miss. 569, wherein this statute was before the court for consideration.

This statute of the Code of 1857 has been repeatedly re-adopted by the legislature with the construction thus placed upon it and that construction has now become a part and parcel of the statute itself.

Another consideration which shows the error complained of is this: Under our statutes all non-exempt property of a decedent is liable for and charged with his debts. As stated by Judge STEVENS in 115 Miss. 433:

"Although the personal estate of a decedent goes to his executor or administrator primarily charged with the debts of the decedent, yet in Mississippi, by section 2056 of our Code, 'The lands of the testator or intestate shall also stand chargeable for the debts and such expenses over and above what the personal estate may be sufficient to pay, and may be subjected thereto in the manner hereinafter directed,' etc."

In the case at bar, the entire estate of Mr. Davis, above exemptions, was charged with and liable for this debt to the bank. When this indebtedness was thus assumed, agreeably with the bank by Mrs. Davis, the Davis estate thereby realized that much value by having this charge lifted from the property of the estate. In fact, the heirs received thereby just as much in value and amount as they would have received had the bid made by Mrs. Davis been for all cash.

Another illustration will assist us here. Suppose Mr. Davis' estate has consisted of this farm, worth seventy-six hundred dollars. Suppose that the balance of his estate was in cash in the hands of his administrator to the amount of ten thousand dollars; his gross estate would be worth seventeen thousand, six hundred dollars. His net estate worth this sum less this debt of fifty-one hundred dollars, or twelve thousand, five hundred dollars, to be divided among his heirs. In whatever way the matter might be handled, this is all the heirs could receive from the estate, after the payment of that debt, however it might have been paid. In such case, if the administrator paid the debt out of the cash and the land is sold for seventy-six hundred dollars cash, the heirs would receive just exactly the same as, under the illustration, they received. It is respectfully submitted that it is entirely too technical to argue that commissions can only be allowed where the price bid is actual money which the clerk actually handles.

119 Miss.—12.

If argument is sound, then the statute cannot mean what the court held it did mean and the result wou'd be that in many cases fees could thus be materially reduced or defeated altogether.

We therefore urge upon the court that the statute does not so limit these commissions. This conclusion is based upon the reasons advanced.

1. Because of the construction placed on this statute in the case of *Wynne* v. *Railroad Co.,* and adoption of that construction by the legislature in repeatedly using these same words with that construction placed upon them.

2. Because the language of the statute does not admit of a construction which would limit commissions to those based strictly upon cash actually passing through the commissioner's hands. Such is not the language of the statute, and had any such limitation been intended, the legislature would have expressed it in clear and unmistakable terms. A very simple and easy thing to do, had the legislature so intended.

We therefore submit that the learned court below was in error in this ruling and that the decree should be reversed and the commission charged allowed.

*W. S. P. Doty,* for appellee.

Paragraph (j) in section 1866, Hemingway's Code; section 2185, Code 1906, provides that commissioners making sale under a decree shall be allowed the same fees as allowed sheriffs under execution.

Appellee contends that the commissioner in this cause is entitled to commissions on twenty-five hundred hundred dollars, which amounts to twenty-eight dollars, but the commissioner retained commissions on seventy-six hundred dollars, amounting to seventy-nine dollars or fifty-one dollars in excess of his legal costs.

The section prescribing sheriff's fees is the same now as in the revised Code of 1857. In *Wynne* v. *Railroad*

*Co.,* 45 Miss. 569, the court in construing it, said: "This, to our minds, clearly contemplates a case where the money has been made by the sheriff under any decree, execution, attachment, or other process. Wherever property has been sold by the sheriff under a decree, execution, or other process, he is undoubtedly entitled to the commissions prescribed by the statute on the money made by the sale."

The word money as used in the statute means cash, the legal coins and currency of the United States, which constitute the basis of the general business of the country and is legal tender for the payment of debts. It cannot be construed to mean "indebtedness assumed."

The appellant refers to and seems to rely on the case of *Wynne* v. *Railroad Co.,* 45 Miss. 569, cited above in this brief, but where appellant finds any comfort in it we fail to discern. In this case the sheriff was held not entitled to recover commissions because after the property was advertised, but before the sale could be had, the creditor and the debtor, acting directly with each other, as they had a right, reached a settlement between them, which precluded the sale.

But the court went on to say, substantially, that if the sale had been held, and the judgment creditor had gone to the sale and bid in the property, the sheriff would have been entitled to his commissions on the amount of the plaintiff's bid, as this would have been equivalent, in legal contemplation, to so much money made and paid over to the sheriff.

Appellee submits that nothing in the record or in the argument of appellant's counsel shows any reason for changing the ruling of the learned chancellor in the lower court.

HOLDEN, J., delivered the opinion of the court,

By a decree, in a partition proceeding, certain lands of the estate of Van C. Davis, deceased, were ordered

sold and the proceeds distributed amongst the appellees, co-owners. The land was incumbered by a prior mortgage lien for five thousand dollars and interest, executed by the deceased Davis in favor of the Grenada Bank. The decree ordering the sale provided that the purchaser at the sale should pay all cash, or he could assume the indebtedness to the bank, which amounted to five thousand, one hundred dollars including interest, and pay the difference or balance in cash. The holder of the mortgage, Grenada Bank, was not made a party to the proceeding, but it seems that the bank made some kind of an outside oral promise that it would accept payment of the mortgage debt in advance of its maturity. The appellant, M. E. Powell, clerk of the chancery court, was appointed commissioner to make the sale. The land was duly sold in accordance with the decree and was purchased by the appellee Mrs. Maggie M. Davis, at the price, and bid, of seven thousand, six hundred dollars; she electing to assume the mortgage indebtedness of five thousand dollars principal and one hundred dollars interest, totaling five thousand, one hundred dollars, and pay the difference of two thousand, five hundred dollars in cash. The commissioner's report of the sale and his deed of conveyance to the purchaser recited the consideration of two thousand, five hundred dollars in cash and the assumption of the indebtedness of five thousand, one hundred dollars to the mortgage bank, and the decree confirming the sale also recited this fact. The commissioner, appellant Powell, in settling with the distributees retained, as his commission for making the sale, one per cent., or seventy-six dollars, on the entire sum of seven thousand, six hundred dollars. Appellees protested against paying the commission on more than two thousand, five hundred dollars, the amount of cash realized and coming into the hands of the commissioner by and under the sale. The chancellor decreed that the commissioner was only entitled to his commission on two thousand, five hun-

dred dollars, the amount of cash realized by the sale of the land; and from this order the commissioner, Powell, appeals here.

Section 1866, Hemingway's Code, section 2185, Code of 1906, provides that commissioners making sales under a decree shall be allowed the same fees as are allowed sheriffs under excution.  Section 1857, Hemingway's Code, section 2176, Code of 1906, providing fees for sheriffs, reads:

"On all money made by virtue of any decree, execution, attachment, or other process, the following commissions: to wit: On all sums over two hundred dollars, . . . one per centum."

The appellees, co-owners, rely upon two propositions to sustain their case: First, that the commissioner could only retain commissions "on all money made by virtue of any decree," as allowed sheriffs under the statute referred to, and that two thousand, five hundred dollars cash paid by the purchaser at the sale in this case was the only "money made by virtue of the decree," and that the amount of commission is fixed by the amount of cash, or "money" coming into the hands of the commissioner by virtue of the sale; second, that the decree ordering the sale in this case provided that the purchaser might pay all cash including the amount of the mortgage indebtedness, or he might assume the mortgage indebtedness and pay the difference in cash at the sale, and this alternative was allowed the purchaser, and that the purchaser elected to assume the mortgage indebtedness and pay two thousand, five hundred dollars, the difference, in cash to the commissioner, and therefore, as there was no realization of seven thousand, six hundred dollars by the commissioner in the sale, but two thousand, five hundred dollars being the amount in fact realized by the commissioner, the commission on this latter amount only is allowable.

The appellant, Commissioner Powell, contends that the sale to the purchaser was made at a price and bid of

seven thousand, six hundred dollars, and that he is entitled to his commission on this sum, even though five thousand, one hundred dollars of this amount was never paid to him but was assumed by the purchaser in accordance with the decree ordering the sale.

Counsel for appellant cites the case of *Wynne* v. *Railroad Co.*, 45 Miss., 569, in support of his position, and we are inclined to agree with counsel for appellant that the rule announced in that case sustains his contention, in that, it is not always necessary, in legal contemplation, that the actual cash money be physically placed in the hands of the commissioner by the purchaser at such sales before the commissioner is entitled to his commission on the amount for which the land was sold; because it often occurs that no actual cash is paid into the hands of the commissioner at such sales, yet he would be entitled to his commission on the amount realized by the sale. And so the statute providing that a commission shall be allowed "on all money made" does not limit the compensation of the commissioner to his *per centum* commission on the actual money paid into his hands, but the commission is allowable upon the amount realized, "or money made," by and under the sale of the particular property decreed to be sold. We think the *Wynne* v. *Railroad Case, supra*, goes to the extent we have indicated, and, if the case before us rested solely upon the proposition that only cash money coming into the hands of the commissioner at the sale is to measure the commission allowable to the commissioner, the appellant would be entitled to a reversal. But the other contention made by the appellees, that the five thousand, one hundred dollars, due the mortgagee bank, being assumed by the purchaser according to the decree, was no part of the amount realized by the commissioner at the sale, is, in our judgment, sound and must be maintained here.

The fees of a commissioner for selling lands under a decree, as here, are to be fixed upon the basis of a

commission upon the amount realized by the sale of the interest of the co-owners in the property, and not otherwise. In this case the prior mortgage lien was not affected by the decree or the sale, because the mortgagee bank was not made a party to the proceedings and, consequently, was in no wise bound by the decree or the sale. It is plain that the decree of the court intended to merely order the sale of the interest of the co-owners in the land, and nothing more. The bank's interest was not sold, nor was the mortgage foreclosed. This interest in the land owned by the appellees was, we may say, an equity; it was a fee or interest in the land subject to the payment of the five thousand, one hundred dollars mortgage indebtedness due the bank, and this interest of appellees was all that the court did or could order sold, and was sold, by the commissioner for the sum of two thousand, five hundred dollars, which was paid to him in cash. And two thousand, five hundred being the only sum that was realized by the sale of the interest of appellees, it is the amount upon which the commissioner should be allowed his commission for making the sale. The five thousand, one hundred dollars did not come into the hands of the commissioner, nor was he the channel through which it was to be paid. The fact that the decree provided the purchaser might assume the mortgage debt of five thousand, one hundred dollars and pay the balance of the purchase price, or two thousand, five hundred dollars, which was done by the purchaser, is pertinent here only in indicating that the court intended to decree, and did order, that only the interest of the appellees in the land was to be sold by the commissioner. However, neither the decree nor the sale could alter the fact that the mortgage lien was paramount and could not be disturbed or affected by the decree or the sale because the mortgagee bank was not a party to the court proceedings. The mortgage lien still exists, so far as we know. Therefore the thing, the property, ordered sold in this case,

was nothing more than the interest of the appellees in the land, which was subject first to the satisfaction of the mortgage lien. This interest of the appellee, then, was all that was sold by the commissioner, and two thousand, five hundred dollars was all that he realized by such sale, was the only "money made," and upon which amount he is entitled to his compensation of one per centum commission.

Plausible arguments are made and apt illustrations given by counsel with reference to the working of this rule when certain cases may arise thereunder. For instance, counsel for appellant, by illustration, claims that in a sale in this case, if the property only brought five thousand, two hundred dollars, the commissioner would receive practically nothing for his services for making the sale, and that this would be unjust in view of the responsibility and amount of work necessary to be done on the part of the commissioner. We think that such a case might arise where the compensation of the commissioner would not be adequate for his services; but this is always a chance to be taken where the measure of compensation is fixed upon a contingent basis. But the rule contended for by appellant would also work great injury to the co-owners in a case where they were the owners of a small interest in property which was heavily incumbered with prior mortgages. If the commissioner in such case were allowed his commission on the total amount of all the mortgage indebtedness, and the amount realized by the commissioner on the sale of their interest in the property was small, then the commissions on the total indebtedness against the property would consume the entire amount realized by the sale of the interest of the co-owners, and they would receive nothing for their interest in the land, because the mortgage creditors could not be held to pay any part of the commission as they were not parties to the proceedings.

The decree of the lower court is affirmed.

*Affirmed.*