CHANDLER, J.,
for the Court.
¶ 1. Ricky and Elizabeth Caldwell were granted a divorce based on irreconcilable differences. The trial court ordered the marital home sold and divided the proceeds between the parties. The court granted Elizabeth $8,500 in lump sum alimony to be paid from the proceeds of the sale. Finally, the court set aside a default judgment entered against Elizabeth. Ricky filed a motion to reconsider the judgment which the trial court dismissed. Ricky appeals the dismissal of his motion and cites two issues as error. First, he claims the trial court erred in failing to reconsider the portion of the opinion that granted Elizabeth one-third of the equitable interest in the marital home without first taking into account existing liens on the property. Ricky next claims the trial court erred in refusing to reconsider the decision to set aside the default judgment against Elizabeth.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. Ricky and Elizabeth Caldwell were married on June 22, 1985. They both had two children from previous marriages but none were born of their union. On September 15, 1994, Elizabeth filed for divorce citing habitual cruel and inhuman treatment. Ricky filed a cross-complaint for divorce alleging grounds of habitual cruel and inhuman treatment and adultery.
¶ 4. The court allowed Elizabeth to remain in the marital home while the case was proceeding. When Elizabeth began working in Memphis, the court allowed Ricky to move into the home to prevent waste. When he returned to the home, he alleged that it had been damaged and many items were missing. On November 10, 1995, he filed a motion for citation for contempt of court alleging that Elizabeth had disposed of or destroyed property, real and personal. He submitted a list of items to the court that he testified to be a true and accurate list of the missing goods with correct values attached to each item. Elizabeth failed to appear at the contempt hearing and the court awarded Ricky the $12,598 he sought.
¶ 5. The couple finally agreed to an irreconcilable differences divorce but could not agree to a property division and so submitted those issues to the court. This agreement was reached after the trial on the merits had begun and Elizabeth had *662 presented her ease-in-chief. The court ordered the sale of the marital home, the only asset found to be of any value.
¶ 6. At the sale, Ricky Caldwell was the highest bidder for $46,400. The commissioner announced that purchase of the home would be subject to two outstanding mortgages, totaling about $21,000. However, this information was not included in the notice of sale. After the home was sold, the court deducted the costs of court and payment of the commissioner. Then the judge awarded Elizabeth $15,466.66 as one-third of the sale price. He also awarded her $8,500 in lump sum rehabilitative alimony. This sum was to be paid from the proceeds of the sale of the home.
¶ 7. The court also set aside the default judgment at that time because there was no credible evidence that Elizabeth disposed of or destroyed any marital or personal property. Further the court stated that Ricky was not an expert on the values of the items he claimed were missing or destroyed. The court found that it would be manifest injustice to allow the judgment to stand.
LAW AND ANALYSIS
I. DID THE TRIAL COURT ERR IN AWARDING ELIZABETH ONE THIRD OF THE EQUITABLE INTEREST IN THE MARITAL HOME WITHOUT FIRST TAKING INTO ACCOUNT THE AMOUNTS OWED ON EXISTING LIENS?
¶ 8. This Court’s scope of review in domestic relations matters is limited. Montgomery v. Montgomery, 759 So.2d 1238(¶ 5) (Miss.2000). The findings of a chancellor will not be disturbed by this Court unless the chancellor was manifestly wrong, clearly erroneous or an erroneous legal standard was applied. Id.
¶ 9. Ricky first asserts that the trial court erred when it awarded Elizabeth one-third of the proceeds of the sale of the marital home. There were two outstanding mortgages on the property at the time of the court ordered sale. One lien existed in favor of the FHA in the amount of approximately $21,000. The other lien was executed in favor of Ricky’s parents in the amount of $2,000. Ricky asserts that the court should have ordered payment of these liens and then awarded Elizabeth one-third of the amount left after satisfying the loans. Ricky attests that the court’s division of the marital property is inconsistent with the guidelines set forth in Ferguson v. Ferguson, 639 So.2d 921 (Miss.1994). Specifically, he claims that the court erred in failing to consider the dictates of factor number five: “tax and economic consequences, and contractual or legal consequences to third parties, of the proposed distribution.” Id. at 928.
¶ 10. A court is vested with the authority to order a sale of marital property subject to or free of encumbrances. O’Neill v. O’Neill, 551 So.2d 228, 232 (Miss.1989). The trial court ruled that it would be unfair to the general public with an interest in the sale to subject the sale to the payment of the liens because the notice of sale did not mention existing liens or indicate the proceeds of the sale would be used to satisfy the debts on the property. Neither of the mortgagees were made parties to the ancillary proceedings relating to the sale of the property. Under Powell v. Davis, the commissioner conducting the sale was, therefore, without authority to convey the interests of these mortgagees at the sale, which would be required if the purchaser were to get title free of all prior encumbrances. Powell v. Davis, 119 Miss. 175, 80 So. 556, 557 (1919). While it certainly would have been preferable for the notice of sale to explicitly mention the fact *663 that outstanding encumbrances were unaffected by the sale, nevertheless, it was the duty of all potential bidders, including Ricky, to acquaint themselves with the law relating to such matters and to govern their bidding decisions accordingly. We cannot find an error of law in the manner in which this sale was conducted that would suggest it was appropriate to afford Ricky the relief he seeks.
¶ 11. Aside from pure questions of law, any inequity arising by virtue of Ricky’s claim that he thought he was bidding for the property free of existing encumbrances-even if we accept that representation as true-is substantially tempered by the chancellor’s finding that, based on evidence that the property’s true market value was in the range of $66,000, he concluded that an award of $15,466.66 to Elizabeth was an equitable division of the proceeds even if it represented a higher percentage of the net proceeds than the thirty-three percent mentioned in his earlier order.
¶ 12. Ricky further alleges that the chancellor erred by failing to set forth specific findings of fact and conclusions of law as required by Ferguson. A court is better equipped to review disputed issues if the chancellor makes specific findings; however, a reviewing court should reverse and remand only where the failure to make sufficient findings of fact and conclusions of law constitute manifest error. Selman v. Selman, 722 So.2d 547(¶29) (Miss.1998); Sandlin v. Sandlin, 699 So.2d 1198, 1204 (Miss.1997). This Court concludes that the findings made by the chancellor in this case were sufficient to avoid reversal.
II. DID THE TRIAL COURT ERR IN SETTING ASIDE THE DEFAULT JUDGMENT AGAINST ELIZABETH?
¶ 13. Ricky asserts that the trial court erred when it set aside the default judgment previously entered against Elizabeth. The chancellor, after hearing testimony on the issue, held it would be a manifest injustice to uphold the default judgment. The court noted that Ricky was not qualified as an expert to testify to the values he assigned the alleged missing or destroyed items. The court also noted that the values assigned by him were often in direct contravention to the testimony of other witnesses as to the value of the listed items. The court further found that no credible evidence had been presented to show that Elizabeth, or anyone acting on her behalf, had taken or destroyed any of the items listed in Ricky’s motion for contempt.
¶ 14. Under Mississippi Rule of Civil Procedure 60(b)(6), a court may set aside a final judgment for any reason justifying relief. Relief under Rule 60(b)(6) is reserved for extraordinary and compelling circumstances. Briney v. U.S. Fidelity and Guar. Co., 714 So.2d 962(¶ 12) (Miss. 1998). This rule is a catch-all provision which serves as a “grand reservoir of equitable power to do justice in a particular case....” Id. (quoting Bryant, Inc. v. Walters, 493 So.2d 933, 939 (Miss.1986)). The chancellor acted within his discretion in setting aside the default judgment. His determination that there was no credible evidence to support the default judgment and that it would be a manifest injustice to maintain the default judgment clearly supports his decision to set it aside.
¶ 15. THE JUDGMENT OF THE TISHOMINGO COUNTY CHANCERY COURT IS AFFIRMED. COSTS ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND BRANTLEY, JJ„ CONCUR AS TO *664 ISSUE I. SOUTHWICK, P.J., CONCURS WITH SEPARATE WRITTEN OPINION AS TO ISSUE II JOINED BY MCMILLIN, C.J., THOMAS AND MYERS, JJ. IRVING, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY BRIDGES, J.